UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DEREK PARRELLA, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| v. ) | Civil Action No. |
|  ) | 22-40140-FDS |
| SILK CITY AUTO MALL, INC, and ) | |
| LUCKY 13 RECOVERY, INC. ) | |
|  ) | |
| Defendants. ) | |

### ORDER ON MOTION FOR DEFAULT JUDGMENT

**SAYLOR, C.J.**

Plaintiff Derek Parrella has moved for default judgment as to defendant Silk City Auto Mall, Inc. A default was entered against Silk City under Fed. R. Civ. P. 55(a) on April 27, 2023.

Although this action was brought against multiple defendants, only Silk City has been defaulted. Fed. R. Civ. P. 54(b) states that: "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The rule reflects the "long-settled and prudential policy against the scattershot disposition of litigation." *Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir. 1988). In keeping with that policy, "entry of judgment under the rule should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." *Id.* Rather, "Rule 54(b) should be employed with great circumspection." *Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc.*, 568 F.3d 313, 318 n.3 (1st Cir. 2009); *see Nystedt v. Nigro*, 700 F.3d

25, 29 (1st Cir. 2012) ("Rule 54(b) should be applied sparingly."). It is "designed to be used where the problem and circumstances are of an exceptional nature, . . . in order to avoid some perceptible danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Village West Assoc. v. Rhode Island Housing & Mortg. Finance Corp.*, 641 F. Supp. 2d 135, 137 (D.R.I. 2009) (internal quotation marks omitted) (quoting *Walden v. City of Providence*, 450 F. Supp. 2d 172, 174 (D.R.I. 2006)).

Here, plaintiff has not attempted to demonstrate any danger of hardship or injustice if separate judgment does not issue, and no such danger is immediately evident. Accordingly, the Court will follow the normal practice of withholding final judgment until all claims have been resolved. The Court will deny the motion without prejudice, and judgment shall not enter against Silk City until the case has been adjudicated as to the remaining defendant, so as to avoid the risk of inconsistent judgments. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *see also* Fed. R. Civ. P. 54(b).

For the foregoing reasons, the motion for default judgment by plaintiff as to defendant Silk City Auto Mall, Inc. is DENIED without prejudice to its renewal at an appropriate time. **So Ordered.**

Dated:  March 25, 2024

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court

2